■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SLOMAN KNOX, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 18, 1985, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant's conviction stems from an incident occurring outside McArthur's Bar in the City of Elmira, Chemung County, in which defendant struck Brenda McDowell Jones across the head with a pool cue during an altercation with Jones' brother, Mark McDowell. After the guilty verdict had been rendered, and prior to sentencing, defendant discharged his attorney and made a pro se motion to set aside the verdict pursuant to CPL 330.30 (1) based on the alleged inadequate representation of trial counsel. Defendant's claim of ineffective assistance of counsel was based on his attorney's failure to call the owner of the bar, Steven McArthur, as a witness, and also the alleged failure to inform defendant of the potential advantage of a Sandoval motion. County Court adjourned the matter to permit defendant to retain new counsel and a hearing was held on the motion. At the close of the hearing, County Court declined to set aside the verdict and the matter proceeded to sentencing. This appeal ensued.

Initially, we observe that defendant's claim of inadequate representation was based on matters outside the record. Hence, the motion was not properly made pursuant to CPL 330.30 (1), which requires that the grounds for setting aside the verdict appear in the record (cf., People v Brown, 45 NY2d 852; People v Ferreras, 100 AD2d 940, appeal dismissed 70

NY2d 630). Although County Court erred in entertaining the motion (which would have been proper as a postjudgment motion pursuant to CPL 440.10 [1] [f]), since no objection was made and a hearing has already been held by County Court, we see nothing to be gained by remitting the matter for the proper motion to be made at this time.

Turning to the merits, defendant contends that he was not aware that his prior assault conviction would have been suppressed had his attorney sought a pretrial *Sandoval* ruling, and that it was apprehension of cross-examination on this conviction which prevented him from taking the stand at trial. However, as County Court noted, defendant had other prior convictions including criminal mischief, reckless endangerment, resisting arrest and burglary which, in all likelihood, would have been admissible for impeachment purposes if defendant had testified. Furthermore, defendant's trial counsel testified that defendant never indicated that he wanted to testify, and that his reluctance was based on his entire criminal record rather than just the assault conviction. Based on the foregoing, we agree with County Court's finding that counsel's failure to pursue a *Sandoval* ruling reflected defendant's strategic decision not to testify in view of his entire criminal record and did not deprive defendant of effective representation *(see, People v Tommaselli,* 102 AD2d 943, 944).

We also reject defendant's contention that his counsel's representation was influenced by undisclosed conflicts of interest. Specifically, it is argued that defense counsel's decision not to call the owner of the bar as a witness was due to the fact that he had represented him in matters relating to the business. However, the owner's testimony at the postverdict hearing established that he was not called to testify because he did not witness the assault, nor could he have provided any testimony to support defendant's claim of self-defense. Defendant also contends that a conflict of interest existed because his attorney owned the property where the bar was located. To support this claim, defendant submits a copy of a 1969 deed to a parcel which lists his trial counsel as one of the *grantors*. Thus, even assuming that the deed is to the property in question, it shows that the attorney had no interest in it after 1969.

Defendant also contends that there was insufficient evidence that he possessed the requisite intent for assault in the second degree. Defendant argues that the evidence indicates that as he swung the cue stick at McDowell, Jones jumped in between and was struck accidentally. This argument, however, is una-

vailing since the statute permits an intent to cause injury to be transferred from an intended victim to an unintended one *(see,* Penal Law § 120.05 [2]). Furthermore, there was sufficient evidence of the manner in which defendant swung the cue stick to permit the jury to infer the requisite intent to cause physical injury *(see, People v Hildenbrandt,* 125 AD2d 819, 820, *lv denied* 69 NY2d 881).

We also reject defendant's contention that County Court erred in refusing to charge the jury on the defense of intoxication. There is no evidence in the record indicating what, if anything, defendant drank prior to the incident, or that he appeared to be intoxicated at that time. The mere fact that defendant had been at the bar for at least several hours prior to the assault is insufficient in itself to raise a factual issue concerning defendant's intoxication. Consequently, County Court's refusal to instruct the jury on intoxication as a defense was proper.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.