■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN HOLLOWELL, Respondent.—Order unanimously modified on the law and as modified affirmed, and matter remitted to Supreme Court for further proceedings on the fourth count of the indictment, in accordance with the following memorandum: Upon inspection of the minutes of the Grand Jury, Supreme Court dismissed the indictment of defendant charging him with two counts of grand larceny by false pretenses and two counts of grand larceny under Lien Law § 79-a. The People concede that the evidence before the Grand Jury was insufficient to sustain the two counts of grand larceny by false pretenses, but argue that the proof was sufficient to prove a violation of Lien Law § 79-a. Subdivision (1) of that section provides in part that any trustee of a trust arising under Lien Law article 3-A

"who applies or consents to the application of trust funds * * * for any purpose other than the trust purposes of that trust * * * is guilty of larceny * * * if * * *

"(b) such funds were received by the trustee as contractor * * * and the trustee fails to pay, within thirty-one days of the time it is due, any trust claim".

Supreme Court dismissed the two counts of grand larceny under the Lien Law concluding that defendant did not have the requisite intent to commit larceny. In order to obtain a conviction of larceny under the Lien Law, the People must prove that defendant had "the 'intent to deprive another of property or to appropriate the same to himself or to a third person' (Penal Law, § 155.05, subd 1)" (People v Chesler, 50 NY2d 203, 209).

We conclude that the evidence before the Grand Jury concerning the fourth count of the indictment, charging defendant with stealing $1,500 from Gerald Daly by misappropriat-

ing money advanced by Mr. Daly for the construction of a deck at his residence, was sufficient to establish the requisite intent. On May 22, 1988, Gerald Daly paid defendant $1,500 to construct a deck for his home before July 4. Defendant never returned to construct the deck. He deposited the money given to him by Gerald Daly in his business checking account and spent it for his business and personal expenses and had no money left to purchase supplies to perform the work. At the time he spent the money, he owed over $18,000 and he had filed for bankruptcy a month previously. Under these circumstances, a jury could infer that defendant, when he misappropriated the trust funds, intended to deprive Daly of the trust funds or to appropriate them to himself.

The second count of the indictment, charging defendant with larceny under the Lien Law by misappropriating $7,000 of trust funds given to him on August 7, 1987 by Carol Erickson to build an addition on her garage, was properly dismissed. At the time defendant entered into the contract with Carol Erickson, owners were not included as beneficiaries of trust funds under the Lien Law and, thus, an owner did not have a trust claim.

Article 3-A of the Lien Law was amended by Laws of 1987 (ch 421), applying to contracts entered into after March 1, 1988, to protect consumers who contract for home improvements. The amendment requires contractors who receive money in advance for the construction of home improvements to place the money in a bank account and hold the money as the property of the owner until the money is paid for the purposes of the home improvement (Lien Law § 71-a [4]). Lien Law § 71 (2) was amended to add a new paragraph (f), which added another purpose for which trust assets are to be held: "payment to which the owner is entitled" under the trust provisions relating to advance payments made to contractors for home improvements. Thus, under the 1987 amendment, "trust claims" were extended to include claims of owners to funds advanced by them to contractors for the construction of home improvements. Because Gerald Daly contracted with defendant after the effective date of the new amendment, he had a valid trust claim against the moneys advanced by him for his home improvement and the misappropriation of the money and the failure to pay the trust claim of Daly may constitute the crime of larceny under Lien Law § 79-a.

Accordingly, the order is modified by reinstating count four of the indictment. (Appeal from order of Supreme Court, Monroe County, Mark, J.—reargue motion to dismiss indict-

ment.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ. *[See, 146 Misc 2d 321.]*