■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. DECKER, Appellant. [638 NYS2d 211] —Cardona, P. J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 22, 1995, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

On September 21, 1993, defendant, owner and sole proprietor of Low-Cost Construction Company, entered into a contract with Joseph Lombardo to install a new roof on Lombardo's home in the Town of Bethlehem, Albany County. Lombardo gave defendant a check for $1,200 as a deposit. According to Lombardo, defendant stated that he would start work the next day. When defendant failed to show up for several days or

return Lombardo's telephone calls, Lombardo commenced an action in local Town Court to recover his deposit. Shortly after filing the action, Lombardo learned that defendant had been hospitalized for injuries sustained in an automobile accident. Lombardo called the hospital several times and spoke to defendant, who stated that he would return the money. When the money was not sent, Lombardo began calling defendant at his home without success. Lombardo obtained a money judgment but was unable to collect it. As a result, Lombardo contacted the Attorney-General's office, the Consumer Protection Board, the Better Business Bureau and the Montgomery County District Attorney. Finally, Lombardo was contacted by the State Police who contacted defendant regarding Lombardo's allegations. Defendant immediately contacted Lombardo, returned the $1,200 by overnight mail and asked Lombardo to inform the State Police that he had received the money. Lombardo complied.

Subsequently, defendant was charged in a single-count indictment with grand larceny in the fourth degree. Following a jury trial, defendant was convicted as charged and sentenced, as a predicate felon, to 2 to 4 years' imprisonment. Defendant appeals.

Initially, we reject defendant's contention that he was deprived of his right to "fair notice" of the accusations made against him (see, People v Iannone, 45 NY2d 589, 594) because the larceny alleged and proven by the People did not occur during the time period alleged in the indictment. The indictment accused defendant of committing the larceny "on or about and between September 21, 1993 and October 24, 1993". Under the People's theory, the receipt by defendant of the $1,200 deposit under the home improvement contract created a trust under Lien Law § 70. Defendant committed grand larceny by embezzlement when, after the expiration of 31 days, he had not used it for the purpose set forth in the statute, i.e., the cost of replacing Lombardo's roof, and had failed to return the money to Lombardo, i.e., pay his "trust claim" (see, Lien Law § 79-a [1] [b]) by October 22, 1993. Defendant argues that Lombardo's trust claim did not arise until his demand for payment, which defendant asserts occurred on October 4, 1993. According to defendant, the 31 days did not expire until November 5, 1993, a date outside the range contained in the indictment. Relying on Lien Law § 71 (5), the People assert that Lombardo's trust claim was deemed to be in existence when the contract was signed on September 21, 1993. We agree. Lien Law § 71 (5) provides that a trust claim arises at "the time of

the making of the contract or the occurrence of the transaction out of which the claim arises". Therefore, we find that Lombardo's trust claim arose on September 21, 1993. Inasmuch as defendant failed to pay the claim within the next 31 days, which ended on October 22, 1993, a date within the period specified in the indictment, defendant's argument lacks merit.

Defendant also contends that it was error to admit into evidence, during the People's case-in-chief, his 1991 conviction for grand larceny, including the accompanying restitution order which required restitution to several people (under other counts of the indictment satisfied by defendant's plea) for money taken for construction work promised but never performed. This error, defendant claims, was exacerbated by the reading of the minutes of the prior guilty plea, which contained an admission by him that when he received deposit money from the victim in that case he had no intention of doing the work.

Evidence of prior criminal conduct is admissible where its probative value outweighs its potential for prejudice (*see, People v Ventimiglia*, 52 NY2d 350, 359; *see also, People v Chase*, 85 NY2d 493, 502). This is a two-part inquiry which first requires the proponent of the evidence to identify some issue, other than criminal propensity, to which the evidence is relevant (*see, People v Hudy*, 73 NY2d 40, 55). Defendant maintained at trial that he did not intend to steal from Lombardo. He argued that he was incapable of performing the work due to the injuries he sustained in the accident and that his injuries prevented him from generating the income needed to repay Lombardo. In order to negate defendant's innocent explanation, it was necessary for the People to establish his intent to steal at the time he accepted the check. Evidence of defendant's 1991 grand larceny conviction for similar acts, as well as the prior admission, were, therefore, relevant to the issue of intent. Having shown relevance to a material issue, the second part of the inquiry focuses on the probative worth of the evidence (*see, supra*, at 55). Here, intent was not only a material issue, it was the pivotal issue for the People to establish at trial. Since defendant's intent could not be inferred from his acts of taking the check and failing to perform the work, it was necessary, and therefore permissible, for County Court to admit the evidence of defendant's 1991 grand larceny conviction and the prior admission, for the purpose of proving that he acted with the requisite criminal intent (*see, People v Alvino*, 71 NY2d 233).

Defendant contends that he was denied effective assistance

of counsel based upon the cumulative effect of numerous alleged errors. We disagree. Defense counsel actively participated in the trial by examining and cross-examining witnesses, raising objections, delivering cogent opening and closing statements, and mounting a credible defense to the People's theory of larceny by embezzlement (*see, People v Baldi*, 54 NY2d 137, 147; *People v Linderberry*, 215 AD2d 867, 870 *lv denied* 86 NY2d 844). Viewing the totality of the representation provided during the trial, we find that it was meaningful and, therefore, conclude that defendant's constitutional right to effective assistance was satisfied (*see, People v Flores*, 84 NY2d 184, 187; *People v Baldi, supra*, at 147).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).