■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. DURHAM, Appellant. [639 NYS2d 581] —Yesawich Jr., J.

In July 1993, defendant was indicted and charged with two counts of sodomy in the first degree, two counts of sodomy in the third degree and two counts of sexual abuse in the first degree as a result of having sexually abused a teenage girl. Following a jury trial, defendant was convicted of all counts. He thereafter unsuccessfully moved pursuant to CPL 440.10 to vacate the conviction, and now appeals from both the judgment of conviction and the denial of his CPL 440.10 motion.

In the context of both the direct appeal and the appeal involving the CPL 440.10 motion, defendant maintains that he was deprived of the effective assistance of counsel. Our review of the record, however, persuades us that defendant was af-

forded meaningful representation (*see, People v Frayer*, 215 AD2d 862, 864, *lv denied* 86 NY2d 794). We reject defendant's contention that defense counsel failed to pursue a cogent and coherent trial strategy, for it is clear from an examination of counsel's opening and closing statements, his cross-examination of witnesses and presentation of testimony favorable to the defense, and his attack on the voluntariness of defendant's statement to the police, that defense counsel consistently attempted to prove that the victim's accusations were false and that defendant's confession was coerced.

Nor does the failure to make a suppression motion, by itself, establish counsel's ineffectiveness, in the absence of a showing that there was no strategic or legitimate reason for the attorney to have refrained from seeking a pre-trial hearing (*see, People v Pray*, 199 AD2d 646, 647, *lv denied* 83 NY2d 809). Under the circumstances presented here, we cannot state as a matter of law that the strategy of attacking the voluntariness of defendant's confession only at trial lacked a legitimate basis. As for counsel's failure to request a *Sandoval* hearing, we agree with County Court's ruling that, based on the information in the record, this decision appears to have resulted from a general strategic decision, made at or before the outset of the trial, that defendant would not testify (*see, People v Knox*, 134 AD2d 704, 705, *lv denied* 70 NY2d 1007). We have examined defendant's remaining contentions, including his criticism of defense counsel's performance during the opening and closing statements, and find them to be unavailing.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment and order are affirmed.