■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MATTHEW BROOKS, Respondent. [670 NYS2d 934] —Yesawich Jr., J. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered June 19, 1997, which granted defendant's motion to dismiss the indictment.

Defendant contracted with Thomas Kurz and Patrice Kurz to construct a new home for a total price of $231,655.39, payable in eight installments, or draws, as work was completed. In early June 1994, work was nearing completion and defendant had received six of the eight payments. On June 21, 1994, the Kurzes tendered a check to defendant for $13,668.63, representing the balance due on the seventh draw after certain suppliers were paid directly. After depositing the check into his business account, defendant never returned to finish the house. One week later, he withdrew $2,000 from the account for his own use, notwithstanding the fact that he owed Builders Best over $19,000 for materials utilized in constructing the Kurz home.

Charged with larceny on the basis of his failure to pay trust claims as required by Lien Law § 79-a (1) (b), defendant moved to dismiss the indictment on the ground that the evidence before the Grand Jury did not establish the requisite criminal intent. His motion was granted, prompting this appeal by the People.

We reverse, for in our view the proof adduced warrants the inference that defendant acted with larcenous intent (*see, People v Colon*, 188 AD2d 708). To that end, Thomas Kurz testified that defendant told him, shortly before agreeing to complete the job and receiving the seventh draw, that "he knew his expenses were now exceeding his expectations" and that he would have to dip into the $20,000 profit he had already taken for himself to pay those expenses. Defendant also admitted to Patrice Kurz, at about the same time, that he was going to abandon the project because "there was nothing left in it for him, that all the money * * * coming would be owed to the suppliers". Defendant's explicit acknowledgment, as recounted by the Kurzes, that all of the money forthcoming for the project, and perhaps more, would be owed to suppliers (along with

the fact that he had already incurred a debt in excess of $19,000), provide ample basis for concluding that he appropriated the $2,000 with an intent to deprive those with valid trust claims of funds to which they were entitled (*see, People v Hollowell*, 168 AD2d 970, 970-971).

Equally unpersuasive is defendant's contention that the prosecution breached its duty of fair dealing and candor (*see, People v Lancaster*, 69 NY2d 20, 26, *cert denied* 480 US 922) by failing to put before the Grand Jury certain evidence—outlined in defense counsel's affidavit in support of the motion to dismiss—which purportedly demonstrates that he had advanced more than $2,000 to the Kurz project and therefore was entitled to repay himself without violating the trust provisions of the Lien Law (*see*, Lien Law § 79-a [2]). The prosecutor "need not seek evidence favorable to the defendant or present all of [the] evidence tending to exculpate the accused" (*People v Mitchell*, 82 NY2d 509, 515; *see, People v Lancaster*, *supra*, at 25-26). Having chosen not to testify or to ask that witnesses be called on his behalf, defendant cannot now complain that the prosecutor failed to introduce evidence, consisting of defendant's business records and interpretive documentation, that only defendant could explain and authenticate, or to instruct the Grand Jury with respect to how those records established a defense to the crime with which he was ultimately charged.

Mercure, Crew III and Peters, JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent. In granting defendant's motion to dismiss the indictment, County Court found the evidence before the Grand Jury lacking as to the essential element of intent, nor could intent be inferred from the evidence presented, citing *People v Churchill* (47 NY2d 151) and *People v Decker* (224 AD2d 860, *lv denied* 88 NY2d 877). In my view, this finding was proper and the majority's contrary determination is difficult to square with our decision in *People v Decker* (*supra*), where we expressly noted that "[s]ince defendant's intent could not be inferred from his acts of taking the check and failing to perform the work", evidence as to his larcenous intent was properly adduced by, *inter alia*, proof of a prior larceny conviction (*id.*, at 862).

Further, the facts herein are wholly unlike those of *People v Hollowell* (168 AD2d 970), cited by the majority. That case involved a contractor who was paid in advance for the construction of a deck, appropriated the entire payment to his own use and never performed any portion of the work (*see, id.*, at 971). Here, defendant contracted with Thomas Kurz and Patrice Kurz to construct a new home for a total price of $231,655.39.

Of this amount, defendant was paid $215,478.31 (counting the $13,668.63 paid by the Kurzes in June 1994, $2,000 of which is the subject of the indictment herein). By then, construction was nearly complete and, in fact, a certificate of occupancy was issued, although it was later revoked for failure to complete certain "punchlist" items. Before any prosecution was initiated herein, defendant filed a mechanic's lien against the Kurzes for the amounts alleged to be due and commenced a foreclosure action to recover same.

This prosecution was commenced on October 21, 1996, more than two years after the events of June 1994. Defendant was originally charged, in a felony complaint filed in Town of Lansing Justice Court, with grand larceny in the third degree in that, between November 1, 1993 and July 20, 1994, he "stole $25,187.13 by being paid $184,822.63 to build a residence * * * then using $159,632.98 to building the residence, leaving the $25,187.13 paid to [defendant] unaccounted for". This theory of prosecution (apparently accusing defendant of stealing that which would have been his profit on the transaction) was abandoned when, more than six months later, the People presented the matter to a Grand Jury resulting in the indictment charging larceny based upon Lien Law § 79-a (1) (b) insofar as the $2,000 payment was concerned.

What is significant, however, is that defense counsel has averred that between the time of the filing of the felony complaint and the indictment, he met on several occasions with representatives of the District Attorney's office, making his entire file open to them. By virtue of this disclosure, it is claimed that the prosecution was aware that defendant had advanced funds for the Kurzes' project from profits he had realized on other jobs, which moneys, totaling approximately $79,000, had been deposited into the same trust account as the Kurzes' funds. This information, defendant claims, was essential to a full and fair understanding of defendant's business operations, including the transaction with the Kurzes, and was particularly relevant to an assessment of his intent insofar as the $2,000 payment was concerned. I therefore believe that the prosecutor had a duty to adduce such relevant evidence in his presentation to the Grand Jury. While I appreciate the scope of a prosecutor's responsibility insofar as the presentation of exculpatory evidence or that tending to establish certain affirmative defenses (see, People v Mitchell, 82 NY2d 509; People v Lancaster, 69 NY2d 20, cert denied 480 US 922), I nonetheless believe that the duty of fair dealing requires that the Grand Jury be apprised of all necessary facts upon which to base its decision.

I would therefore affirm the judgment of County Court dismissing the indictment.

Ordered that the order is reversed, on the law and the facts, motion denied and indictment reinstated.