■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TRACY S. LINCOLN, Respondent. [709 NYS2d 279] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Wayne County Court for further proceedings on the indictment. Memorandum: The People contend that County Court erred in granting defendant's motion to dismiss the indictment on the ground that the evidence before the Grand Jury is legally insufficient to establish the offense of grand larceny in the third degree (*see*, CPL 210.20 [1] [b]). We agree. Viewing the evidence before the Grand Jury in the light most favorable to the People, we conclude that the evidence, if unexplained and uncontradicted (*see, People v Jennings*, 69 NY2d 103, 114), is legally sufficient to establish the offense of grand larceny in the third degree based on defendant's violation of Lien Law § 79-a. Pursuant to Lien Law § 71-a (4), contractors who receive money in advance for home improvements must hold the funds until the money is paid out for the purpose of the home improvements. Those funds are held in trust for the benefit of, *inter alia*, suppliers and the owners who advance them (*see*, Lien Law § 71 [2]). Lien Law § 79-a (1) provides that any trustee of such a trust "who applies or consents to the application of trust funds received by the trustee as money or an instrument for the payment of money for any purpose other than the trust purposes of that trust, as defined in section seventy-one, is guilty of larceny and punishable as provided in the penal law." According to the evidence before the Grand Jury, the homeowners advanced approximately $45,000 to defendant for the construction of an addition to their home. Defendant never provided the homeowners with the windows and doors for that addition, and the value of those items was over $8,000. Defendant falsely informed the homeowners that he had ordered and paid for those items, but thereafter admitted to them that he used the funds allocated for the doors and windows for his own personal use or for other projects. That evidence is sufficient to establish defendant's

misappropriation of the trust funds, which constitutes larceny (*see,* Lien Law § 79-a), and thus the indictment charging him with grand larceny in the third degree is supported by legally sufficient evidence (*see, People v Hollowell,* 168 AD2d 970, 971; *see also, People v Brooks,* 249 AD2d 572, *affd* 93 NY2d 862). Consequently, we reverse the order, deny the motion, reinstate the indictment and remit the matter to Wayne County Court for further proceedings on the indictment. (Appeal from Order of Wayne County Court, Parenti, J.—Dismiss Indictment.) Present—Pigott, Jr., P. J., Pine, Hayes, Balio and Lawton, JJ.