■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY COFIELD, Appellant. [710 NYS2d 125] —Carpinello, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered July 27, 1999, convicting defendant following a jury trial of the crime of promoting prison contraband in the first degree.

Defendant was charged with promoting prison contraband in the first degree arising out of an incident that occurred while he was incarcerated at Riverview Correctional Facility in St. Lawrence County. Defendant was convicted as charged following a jury trial and moved pro se at the sentencing hearing to set aside the judgment of conviction, claiming that he was denied effective assistance of counsel and a fair trial. County Court denied the motion and sentenced defendant as a second felony offender to a prison term of 2½ to 5 years, to run consecutively to the sentence he was then serving. Defendant appeals.

We affirm. Defendant primarily contends that he was denied effective assistance of counsel due to defense counsel's alleged failure to thoroughly investigate his claim that he was framed in retaliation for filing grievances against the correction officers who allegedly witnessed the incident. We disagree. Although defense counsel failed to accommodate defendant's request to obtain copies of the grievances well in advance of trial, our review of the record reveals that defense counsel conducted an adequate investigation into defendant's claim of retaliation and concluded that the grievances, which were ultimately obtained on the day of trial, were not relevant to defendant's case. In any event, defendant has failed to establish that defense counsel lacked legitimate reasons for not pursuing the proposed retaliation defense after ascertaining that such defense was not supported by the grievances (see generally, People v Durham, 225 AD2d 960, lv denied 88 NY2d

935; *People v Nusbaum*, 222 AD2d 723, 726, *lv denied* 87 NY2d 1023).

Moreover, the record discloses that defense counsel provided defendant with meaningful assistance in that he presented cogent opening and closing statements, made appropriate motions, effectively cross-examined the People's witnesses and actively participated in developing County Court's jury charge (*see, People v McClain*, 250 AD2d 871, 873, *lv denied* 92 NY2d 901; *People v Decker*, 224 AD2d 860, *lv denied* 88 NY2d 877). We have reviewed defendant's remaining contentions, including his claim that he did not receive a fair trial, and find them to be lacking in merit.

Cardona, P. J., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.