■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR PENA, Appellant. [770 NYS2d 631]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered January 27, 2003, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK PORTER, Appellant. [770 NYS2d 631]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered April 3, 2002, convicting him of robbery in the third degree, assault in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defense counsel's failure to request, indeed, his waiver of a *Sandoval* ruling (*People v Sandoval*, 34 NY2d 371 [1974]), with the defendant's consent on the record, did not deny the defendant the effective assistance of counsel (see *People v Henderson*, 265 AD2d 573 [1999]; *People v Knox*, 134 AD2d 704, 705 [1987]; *People v Durham*, 225 AD2d 960, 961 [1996]). Where, as here, "the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation," the constitutional requirement of effective assistance of counsel is satisfied (*People v Baldi*, 54 NY2d 137, 147 [1981]). Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.