■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE MELINO, Appellant. [791 NYS2d 718]—

---

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 20, 2003, in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (four counts), grand larceny in the fourth degree (eight counts), and petit larceny (five counts).

Defendant was convicted of all counts of a 17-count indictment charging her with the crimes of grand larceny and petit larceny based on violations of Lien Law § 79-a. The charges arose from defendant's alleged embezzlement of funds intended for use on a construction project. Regency Construction, LLC was hired by Edward Rosen as the general contractor for a construction project involving an addition to a commercial property. Rosen paid Regency a total of approximately $90,000, which was deposited into Regency's commercial account at Hudson River Bank and Trust. Defendant, a partner and managing member of Regency, allegedly wrote checks from Regency's commercial account to cover the corporation's general business expenses while subcontractors who had demanded payment for work on Rosen's project went unpaid. Following a jury trial, defendant was convicted as charged; sentenced to six months in prison and five years probation, and ordered to pay restitution in the amount of $79,990.15. Defendant appeals and we now affirm.

Lien Law § 79-a (1) (b) provides that a trustee of a trust arising under Lien Law article 3-A "who applies or consents to the application of trust funds . . . for any purpose other than the trust purposes of that trust . . . is guilty of larceny and punishable as provided in the [P]enal [L]aw if . . . such funds were received by the trustee as contractor or subcontractor . . . and the trustee fails to pay, within [31] days of the time it is due, any trust claim arising at any time." To prove larceny under section 79-a, the People must demonstrate beyond a reasonable doubt a defendant's " 'intent to deprive another of property or to appropriate the same to himself [or herself] or to a third person' " (*People v Chesler*, 50 NY2d 203, 209 [1980], quoting Penal Law § 155.05 [1]; *see People v Hollowell*, 168 AD2d 970, 970 [1990]).

Defendant asserts that there was not sufficient evidence to demonstrate that she intended to permanently deprive the victim of the funds to which he was entitled because she believed that the project would be completed and that the subcontractors would be reimbursed with funds from subsequent phases of the project. Notwithstanding this claimed intention, however, the evidence adduced at trial established that defendant deposited Rosen's checks into Regency's account, was the only person aware of the balance in said account, and used the money to pay for unrelated business expenses. Under these circumstances, we conclude that a rational trier of fact could infer that defendant, in using the funds for nontrust purposes, intended to permanently deprive Rosen of the funds or to appropriate them to herself and, thus, the element of intent was supported by sufficient evidence (*see People v Hollowell, supra* at 971; *People v Lincoln*, 272 AD2d 945, 945-946 [2000]; *People v Brooks*, 249 AD2d 572, 572-573 [1998], *affd on mem below* 93 NY2d 862 [1999]).

Turning to defendant's remaining contentions, we reject her argument that Donald Moshier, a project manager for Regency, should have been deemed an accomplice as a matter of law because he was granted immunity from prosecution and, thus, his testimony required corroboration. The mere fact that a witness has been granted immunity does not necessitate a jury charge that the witness is an accomplice as a matter of law (*see People v Tusa*, 137 AD2d 151, 154, 156 [1988], *lv denied* 72 NY2d 1050 [1988]). Moshier's testimony that he did not know whether the invoices submitted to Regency were paid and that it was not his responsibility to pay subcontractors or order materials supports an inference that he did not participate in the larceny charged. Thus, Supreme Court did not err in declining to charge the jury that Moshier was an accomplice as a matter of law for purposes of the corroboration requirement (*see* CPL 60.22 [2]; *People v Tusa, supra* at 156; *see generally People v Besser*, 96 NY2d 136, 147 [2001]; *cf. People v Sweet*, 78 NY2d 263, 266-267 [1991]).

Finally, contrary to defendant's argument, a court ordering restitution or reparation is not limited to a dollar amount alleged in the indictment, but may direct reparation for the actual out-of-pocket losses caused by the offense for which defendant was convicted or any other offense that is part of the same criminal transaction (*see* Penal Law § 60.27 [1], [4] [a]; *People v Horne*, 97 NY2d 404, 410, 412-414 [2002]; *People v Kim*, 91 NY2d 407, 410-411 [1998]; *cf. People v Casiano*, 8 AD3d 761, 762 [2004]; *People v Diola*, 299 AD2d 962, 962 [2002], *lv denied*

99 NY2d 581 [2003]). To the extent that defendant challenges the actual amount of restitution awarded as lacking record support, her claim—raised for the first time on appeal—is not properly before us because she did not request a hearing to determine the actual amount of out-of-pocket losses or otherwise challenge the amount of restitution awarded during the sentencing proceeding (*see People v Horne, supra* at 414 n 3; *People v Callahan*, 80 NY2d 273, 281 [1992]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).