■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MILLER, Appellant. [803 NYS2d 734]—

Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 8, 2003, convicting defendant following a nonjury trial of the crimes of grand larceny in the second degree (two counts), scheme to defraud in the first degree, grand larceny in the third degree (20 counts) and grand larceny in the fourth degree (10 counts).

Following a nonjury trial, defendant was convicted of all 33 counts in an indictment charging him with the crimes of scheme to defraud in the first degree and grand larceny in the second, third and fourth degrees (under the theories of embezzlement and false promise) based upon violations of Lien Law § 79-a. The charges stem from defendant's uncontested receipt, as a

general contractor and president of CTE Construction Services, of $145,000, the full contract price, for the construction of a Family Dollar Store in Sullivan County, pursuant to a contract with Village Properties, LLC, represented by Norman Kerr. Subsequently, defendant admittedly failed to pay 15 different subcontractors who had provided materials, equipment or services on this project. Defendant's grand jury testimony, introduced at trial, and other testimony established that he used Village Properties' payments on this project to pay bills and expenses associated with this and other ongoing construction projects. Defendant maintained only one bank account for all CTE projects in the county and concededly made little effort to keep books or records so that contractual payments received and expenses paid for this project could be distinguished from other moneys held in trust, as mandated (*see* Lien Law § 79-a [1] [b]; § 75).

Among the defense theories rejected by the factfinder was that defendant validly used the proceeds of this project (i.e., the trust assets) to pay trust claims and beneficiaries, including his employees and business expenses on this project (*see* Lien Law § 71). Also unavailing were the explanations that defendant's inability to pay the subcontractors on this project stemmed from either Kerr's failure to compensate CTE on *other* projects or the commencement of this criminal investigation. Upon his convictions, defendant was sentenced to concurrent prison sentences, the maximum of which is 5 to 15 years, and ordered to pay restitution. He now appeals.

We affirm. As relevant to this appeal, Lien Law article 3-A provides that a general contractor who receives funds on a project holds the funds as a trustee and if the contractor applies or consents to the use of those funds for any purpose other than valid trust purposes, he or she is deemed to have diverted trust funds and may be guilty of larceny for failure to pay trust claims within 31 days of the time the claim is due (*see* Lien Law § 79-a [1] [b]; §§ 70, 71; *People v Melino*, 16 AD3d 908, 909 [2005], *lv denied* 5 NY3d 791 [2005]; *see also Aspro Mech. Contr. v Fleet Bank*, 1 NY3d 324, 328 [2004]). Significantly, failure of such a trustee to maintain the requisite books and records constitutes presumptive evidence of diversion (*see* Lien Law § 75 [4]).

We find no merit to defendant's challenge to the sufficiency of the evidence to demonstrate his larcenous intent (*see* Penal Law § 155.05 [1]; *see also People v Chesler*, 50 NY2d 203, 209 [1980]) or his intent to defraud (*see* Penal Law § 190.65 [1]) premised on his claim that while he diverted these trust funds to unrelated projects, he believed that these subcontractors would be

paid once he received compensation on other, unrelated projects (*see People v Melino, supra* at 910; *see also Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor*, 97 NY2d 256, 263-264 [2002]). Also unavailing are his claims that his actions amounted to mere nonperformance of contract obligations resulting from lack of business acumen rather than criminal intent (*see People v Houghtaling*, 14 AD3d 879, 880 [2005], *lv denied* 4 NY3d 831 [2005]). The uncontroverted evidence established that defendant received checks as payment for the full contract price for this project and was aware that CTE, his company, was using the funds received for unrelated expenses— i.e., nontrust purposes—allowing a rational trier of fact to readily infer his intent (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Jennings*, 69 NY2d 103, 125-126 [1986]; *People v Melino, supra*; *People v Houghtaling, supra*). Defendant's claims directed at the false pretense theory of larceny (*see People v Hart*, 100 NY2d 550 [2003]; *People v Churchill*, 47 NY2d 151, 156 [1979]) are misplaced, as the larceny prosecution never proceeded on that theory. Also, on the larceny by false promise counts, while the moral certainty standard of proof governs the trier of fact (*see* Penal Law § 155.05 [2] [d]), that standard "is not the appropriate standard for appellate review of the sufficiency of the People's proof" (*People v Houghtaling, supra* at 882).

Next, defendant never raised the issue in County Court that 16 counts in the indictment contain a typographical error by referencing subdivision (1) (a) of Lien Law § 79-a governing owners, rather than subdivision (1) (b) governing general contractors. The indictment clearly specified that defendant was charged "as the general contractor," the prosecution at all times proceeded on this theory and defendant never moved to dismiss on this ground so as to enable amendment of the indictment (*see* CPL 210.25, 200.70 [1]), and we decline to take corrective action in the interest of justice (*see* CPL 470.15 [3] [c]).

We have also reviewed but are not persuaded by defendant's contention that County Court abused its discretion in precluding, as unnecessary, defense counsel from redirect examination of defendant's wife, CTE's office manager (*see People v Massie*, 2 NY3d 179, 183 [2004]; *People v Melendez*, 55 NY2d 445, 452 [1982]). The ruling followed her exhaustive testimony, no objection was registered and no argument has been advanced that clarification testimony was necessary.

We have considered defendant's remaining contentions, including those raised in his supplemental brief, and find that they lack merit.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.