■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MELINO, Appellant. [860 NYS2d 660]—

Rose, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered June 20, 2003 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (four counts), grand larceny in the fourth degree (eight counts) and petit larceny (five counts), and (2) by permission, from an order of said court, entered December 28, 2006 in Albany County, which denied defendant's motion pursuant to CPL 440.20 to partially set aside the sentence, without a hearing.

Defendant was convicted of multiple counts of grand larceny in the third and fourth degrees and petit larceny for his role in diverting funds paid in trust to Regency Construction, LLC, in violation of Lien Law § 79-a, as is more fully described in our

decision of the appeal taken by his codefendant and daughter, Michelle Melino (*People v Melino*, 16 AD3d 908 [2005], *lv denied* 5 NY3d 791 [2005]). Supreme Court sentenced defendant as a second felony offender to an aggregate prison term of 3½ to 7 years, and held him jointly and severally responsible with his daughter for the payment of $78,990.15 in restitution. Following sentencing, defendant moved under CPL 440.20 to set aside the order of restitution, which motion was denied by Supreme Court, and this consolidated appeal ensued.

We find no merit to defendant's initial contention that the evidence here was legally insufficient to demonstrate that he was an officer, director or agent of Regency, the general contractor/trustee on a construction project (*see* Lien Law §§ 70, 71, 79-a [1] [b]). While defendant's daughter testified that she was in charge of Regency, Donald Moshier was its project manager and defendant was merely a consultant, Moshier testified that defendant was the owner of the company and had supervised and directed Moshier's activities on a daily basis. In addition, the owner of the construction project testified that he had been introduced to defendant as the owner of Regency and received correspondence from defendant indicating that he would be handling the project after Moshier left Regency. The record also includes deposition testimony given by defendant in an earlier civil action brought against Regency by the project owner. In that testimony, defendant admitted that he was affiliated with Regency in the capacity of "CEO" and was its managing partner. While defendant objected to admission of these statements at trial, he did so only on the ground that the testimony failed to clearly identify the business entity to which he was referring. As defendant had correctly identified the entity in the deposition testimony as the "LLC," Supreme Court did not err by overruling his objection at trial. Viewing this evidence in a light most favorable to the People, we find it legally sufficient to establish that defendant ran Regency and, therefore, was an agent of the trustee, as that term is used in Lien Law § 79-a (1) (*see generally People v Lynch*, 95 NY2d 243, 247 [2000]; *People v Williams*, 84 NY2d 925, 926 [1994]).

Defendant's next contention—that the evidence failed to establish that he knowingly diverted trust funds to his own use or participated in the diversion of trust funds—is unpreserved for our review because he did not move to dismiss on the ground that the proof failed to establish those elements (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Orcutt*, 49 AD3d 1082, 1085 [2008]). Even if we were to consider the issue, we would find that the evidence adduced at trial would permit a rational

trier of fact to infer that defendant intended to permanently deprive the project owner of the funds (*see People v Lincoln*, 272 AD2d 945, 945-946 [2000]; *People v Brooks*, 249 AD2d 572, 572-573 [1998], *affd for reasons stated below* 93 NY2d 862 [1999]).

Similarly unavailing is defendant's contention that Supreme Court erred in ordering restitution in the amount of $78,990.15 and, later, in denying his motion pursuant to CPL 440.20 (1) to set aside that order. To the extent that defendant asserts that the amount of restitution was excessive and is not supported by the evidence of the project owner's out-of-pocket loss, we note that he did not request a hearing or otherwise challenge the amount of restitution during the sentencing proceeding and, thus, these claims are unpreserved (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Snyder*, 38 AD3d 1068, 1069 [2007]; *People v Melino*, 16 AD3d at 911). Further, Supreme Court did not err in denying defendant's motion to set aside the order as illegal because the amount of restitution was limited to the fruits of the offense (*see* Penal Law § 60.27 [1]; *People v Sheehy*, 274 AD2d 844, 846 [2000], *lv denied* 95 NY2d 938 [2000]), and Supreme Court required no more than the return of the victim's money (*see* Penal Law § 60.27 [5] [a]).

Peters, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment and order are affirmed.