People v Pawaroo (2022 NY Slip Op 06176)

People v Pawaroo

2022 NY Slip Op 06176

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Ind No. 5832/13 Appeal No. 16581-16581A Case No. 2019-5100 2020-00105 

[*1]The People of the State of New York, Respondent,
v
Keshenia Pawaroo, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment of resentence, Supreme Court, New York County (Laura A. Ward, J.), rendered November 27, 2018, convicting defendant of violation of probation, revoking her sentence of probation on her conviction of grand larceny in the second degree, resentencing her to a term of 2½ to 7½ years, and ordering that she pay restitution in the amount of $382,454.70, unanimously affirmed. Appeal from order of restitution, same court and Justice, entered on or about February 11, 2016, unanimously dismissed as subsumed in the appeal from the judgment of resentence.
Defendant made a valid waiver of her right to appeal, and we reject her challenges to the validity of the waiver (see People v Thomas, 34 NY3d 545, 564 [2019], cert denied 589 US _, 140 S Ct 2634 [2020]). This waiver precludes review of her claims regarding her restitution order, which are procedural and evidentiary rather than being addressed to the substantive legality of the sentence (see e.g. People v Marini, 165 AD3d 445, 446 [1st Dept 2018], lv denied 32 NY3d 1175 [2019]). Furthermore, regardless of whether defendant validly waived her right to appeal, defendant has not preserved her challenges to the restitution award (see e.g. People v Paul, 159 AD3d 657, 658 [1st Dept 2018], lv denied 31 NY3d 1120 [2018]), and we decline to review them in the interest of justice. In People v Callahan (80 NY2d 273, 281 [1992]), the Court of Appeals explained that challenges to the procedure by which a restitution determination was made are waivable, while challenges to the court's power to impose restitution, such as in People v Fuller (57 NY2d 152 [1982][court unlawfully delegated to probation department power to fix restitution]), are not. For the same reasons, the illegal sentence exception to the preservation requirement does not apply (see People v Lashley, 37 NY3d 1140, 1141 [2021]; People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Samms, 95 NY2d 52, 56-58 [2000]).
As an alternative holding, we reject defendant's claims on the merits. The record, when viewed in light of defendant's effective confirmation of the amount of the award throughout the proceedings, supports the court's original restitution award. That award was based primarily on the People's review of records showing that defendant had stolen a total of over $587,000 from her former employer by depositing in her own bank accounts more than 400 insurance checks on which she had forged her employer's signature, and the employer's statement. In imposing the original restitution order as a condition of probation pursuant to Penal Law § 65.10(2)(g), the court, which took into account defendant's real estate holdings and other matters, duly considered her ability to pay restitution; in any event, when defendant's probation was revoked, the court reissued the restitution order in the amount of $382,462.70 to reflect the payment of $200,000 already made, and that order of restitution, issued pursuant to Penal Law § 60.27, did not require [*2]consideration of defendant's ability to pay. Finally, the amount of restitution properly compensated the victim for his out-of-pocket loss arising out of the entire criminal transaction, not limited to the loss alleged in the indictment (see Penal Law 60.27[1], [4][a]; People v Melino, 16 AD3d 908, 910 [3d Dept 2005], lv denied 5 NY3d 791 [2005]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022