People v Rivera (2023 NY Slip Op 50115(U))

[*1]

People v Rivera (Juan)

2023 NY Slip Op 50115(U)

Decided on February 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570322/19

The People of the State of New York, Respondent, 
against
Juan Rivera, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J. at plea; Margaret W. Martin, J. at sentencing), rendered April 25, 2019, convicting him, upon a plea of guilty, of petit larceny, and sentencing him, inter alia, to restitution in the amount of $888.

Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J. at plea; Margaret W. Martin, J. at sentencing), rendered April 25, 2019, affirmed.
Defendant was charged in an accusatory instrument with burglary in the second degree (see Penal Law § 140.25[2]) and burglary in the third degree (see Penal Law § 140.20), both felonies, and three misdemeanor offenses. Pursuant to a plea agreement, the felony charges were dismissed and defendant pleaded guilty to one of the charged misdemeanors, petit larceny (see Penal Law § 155.25), in exchange for a sentence of probation and restitution. On appeal, defendant challenges the facial sufficiency of the petit larceny charge to which he pleaded guilty. However, the only relief defendant requests is dismissal of the entire accusatory instrument rather than vacatur of the plea, and he expressly requests that this Court affirm the conviction if it does not grant a dismissal.
Even were we to accept defendant's contention that the petit larceny charge to which he pleaded guilty was jurisdictionally defective, we find that his specific request for dismissal would not be an appropriate remedy. In view of the serious nature of the other charges contained in the accusatory instrument and defendant's criminal history, a penological purpose would be served by remanding the matter for further proceedings on the remaining charges (see People v Conceicao, 26 NY3d 375, 385 n [2015]). We therefore affirm the judgment of conviction without reviewing defendant's challenge, as the ultimate outcome of this appeal would, in either event, be an affirmance (see People v Teron, 139 AD3d 450 [2016]).
Defendant made a valid and enforceable waiver of his right to appeal, which precludes review of his challenges to the restitution amount and the lack of a restitution hearing (see People v Marini, 165 AD3d 445, 446 [2018], lv denied 32 NY3d 1175 [2019]). Furthermore, regardless of whether defendant validly waived his right to appeal, his challenge to the restitution award is unpreserved (see People v Pawaroo, 210 AD3d 440, 440 [2022] ["challenges to the procedure by which a restitution determination was made are waivable, while challenges to the court's power [*2]to impose restitution ... are not"]; People v Paul, 159 AD3d 657, 658 [2018], lv denied 31 NY3d 1120 [2018]). Here, defendant did not request a hearing to determine the amount of restitution or otherwise challenge the amount and, in fact, defendant and his counsel consented to the restitution ordered (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Paul, 159 AD3d at 658; see also People v Vazquez, 173 AD3d 907, 908 [2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 21, 2023