People v Saul R. (2023 NY Slip Op 04828)

People v Saul R.

2023 NY Slip Op 04828

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 1846/19 Appeal No. 657 Case No. 2020-01328 

[*1]The People of the State of New York, Respondent,
v
Saul R., Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sylvia Lara Altreuter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered January 17, 2020, convicting defendant, upon his plea of guilty, of burglary in the second degree as a sexually motivated felony, burglary in the second degree, and public lewdness, adjudicating him a youthful offender, sentencing him to concurrent terms of five years of probation on the burglary counts and a conditional discharge on the public lewdness count, and ordering that he pay restitution in the amount of $1,500, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and crime victim assistance fee, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal, and we reject his challenges to the validity of the waiver (see People v Thomas, 34 NY3d 545, 564 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). This waiver precludes review of his claims regarding the restitution order (see People v Pawaroo, 210 AD3d 440, 440 [1st Dept 2022], lv denied 39 NY3d 1079 [2023]; People v Marini, 165 AD3d 445, 446 [1st Dept 2018], lv denied 32 NY3d 1175 [2019]). Furthermore, regardless of whether defendant validly waived his right to appeal, defendant has not preserved his challenges to the restitution award (see e.g. People v Paul, 159 AD3d 657, 658 [1st Dept 2018], lv denied 31 NY3d 1120 [2018]), and we decline to review them in the interest of justice.
Defendant's valid waiver of his right to appeal forecloses review of his excessive sentence claim (see People v Gonzalez, 178 AD3d 440 [1st Dept 2019], lv denied 35 NY3d 941 [2020]). In any event, we perceive no basis for reducing the sentence.
Based on our own interest of justice powers, we vacate the mandatory surcharge and crime victim assistance fee imposed at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that People do not oppose this relief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023