THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIAN SELLERS, Appellant.

Third Department, July 18, 1985

**APPEARANCES OF COUNSEL**

*Stephen R. Markovits* for appellant.

*David A. Wait, District Attorney* (*Donna J. Arnold* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J.

After a jury trial, defendant was found guilty of obtaining public assistance or care to which she was not entitled by means of a false statement or representation in violation of Social Services Law § 145. On this appeal, defendant claims that the People failed to prove that she received any money, as is required by the statute. Defendant argues that the People merely proved that she received a bank draft, as there was no expert testimony establishing her endorsement and no proof that she received the proceeds. We conclude that reversal is warranted, but for other reasons.

Among the elements which must be proved in establishing the offense defined in Social Services Law § 145 is that "the means used to obtain [the] additional public assistance is a fraudulent device (which includes the deliberate concealment of a material fact)" (*People v Hunter,* 34 NY2d 432, 435). The statute provides that the "deliberate concealment of [a] material fact" can be

presumed: "after three facts are established: (1) the receipt of money or property or income from employment or any other source whatsoever by a person receiving public assistance; (2) failure to notify the Social Services Department of the receipt of the money or property; and (3) the cashing of a public assistance check by, or on behalf of, the person receiving assistance subsequent to the receipt of the income from the other source" (*supra,* p 436). Although this presumption is rebuttable (*supra*), County Court charged the jury: "that failure on the part of the person receiving social service benefits or public assistance or care to notify the public welfare official granting such assistance or care of the receipt of money or property or income or income from employment or any other source whatsoever *shall,* upon the cashing of a public assistance check by or on behalf of such person after the receipt of such money, constitute presumptive evidence of deliberate concealment of a material fact" (emphasis supplied). We conclude that this instruction violated defendant's rights to due process under the Federal Constitution.

Instructions can create permissive inferences or mandatory presumptions. A mandatory presumption is created when a jury is charged that it must infer the presumed fact if certain predicate facts are established (*Francis v Franklin,* 471 US __, __, 105 S Ct 1965, 1971). Due process will be violated if a mandatory presumption relieves the People from their burden of proving an element of the crime (*supra*). County Court's charge served to inform the jurors that, upon proof of the predicate facts, the law required them to presume that there was a deliberate concealment of a material fact. By casting the instruction as a command, County Court created a mandatory presumption (*supra,* p 1972). This presumption, by removing from the jurors the opportunity to find otherwise, served to "undermine the fact-finder's responsibility at trial, based on evidence adduced by the [People], to find the ultimate facts beyond a reasonable doubt" (*Ulster County Ct. v Allen,* 442 US 140, 156). Such effect establishes that the mandatory presumption charged to the jury violated defendant's due process rights under the Federal Constitution (*Francis v Franklin, supra,* pp 1972-1973) and we, accordingly, reverse and remit for a new trial. We do so, without this precise issue being raised, in the interest of justice.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Saratoga County for a new trial.