OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant has been convicted of criminal possession of a weapon in the second and third degrees. Relying upon Francis v Franklin (471 US —, 105 S Ct 1965), he contends that the statutory presumptions contained in Penal Law § 265.15 (3) and (4), concerning weapon possession and intent to use a weapon unlawfully against another, as well as the charge on the issue, to which no exception was taken, unconstitutionally shifted the burden of proof to him.
In Francis v Franklin (supra), the Supreme Court held that a trial court’s instructions in a murder trial, which advised the jury that the acts of a person of sound mind and discretion are presumed to be the product of the person’s will and that a person is presumed to intend the natural and probable consequences of his acts, created a mandatory presumption which impermissibly shifted the burden on the element of intent. The defect was not cured by the fact that the jury was also informed at one point that the presumption "may be rebutted.”
Francis thus reaffirmed earlier holdings in Sandstrom v Montana (442 US 510) and Ulster County Ct. v Allen (442 US 140) which require that a jury be clearly instructed that presumptions are "permissive.” Statutory presumptions in New York are permissive (see, People v Lemmons, 40 NY2d 505; People v Leyva, 38 NY2d 160), as the Supreme Court itself noted in Ulster County Ct. v Allen (supra). Penal Law § 265.15 (3) and (4) is constitutional (People v Lemmons, supra; People v Cruz, 34 NY2d 362, 370; People v Terra, 303 NY 332, appeal dismissed 342 US 938; People v Adamkiewicz, 298 NY 176).
*697 The instructions to the jury explicitly indicated that the presumption was permissive. Defendant’s failure to object preserves no question of law concerning the sufficiency of the instructions (CPL 470.05; People v Contes, 60 NY2d 620; People v Cadorette, 56 NY2d 1007). The limited exception to the preservation requirement recognized in People v Patterson (39 NY2d 288, affd 432 US 197) is not applicable here, as the charge contained no express burden-shifting language and Francis v Franklin (supra) did not represent a departure from existing State and Federal law (see, People v Thomas, 50 NY2d 467).
Defendant’s remaining argument, that the ninth and tenth counts of the indictment were not sufficiently precise to apprise him of the conduct which was the subject of each accusation, is also without merit. The counts met the standard set forth in People v Iannone (45 NY2d 589), and, if additional information was significant to the preparation of the defense, the defendant should have requested a bill of particulars. Having failed to do so, he cannot now complain that the charges lacked specificity.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Order affirmed in a memorandum.