■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TARBELL, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, after a jury trial, of burglary in the second degree, defendant argues that the court's instructions on intent impermissibly shifted the burden of proof to him (Sandstrom v Montana, 442 US 510). We disagree. The language in the court's charge did nothing more than create a permissive inference on intent and did not intimate that defendant had any duty to rebut the inference. "A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion" (Francis v Franklin, 471 US 307, 314; see also, People v McKenzie, 67 NY2d 695).

Defendant also advances the argument that the summation of the prosecutor was inflammatory and otherwise objectionable so as to deprive him of a fair trial. While we agree that many of the comments made by the District Attorney were improper and uncalled for, they were duly objected to and the court recognized their impropriety and gave appropriate curative instructions to the jury. In our view, these instructions sufficiently diluted any possible prejudice to defendant (People v Galloway, 54 NY2d 396; People v Arce, 42 NY2d 179).

(Appeal from judgment of Onondaga County Court, Mordue, J. —burglary, second degree.) Present—Callahan, J. P., Doerr, Denman, Boomer and Green, JJ.