■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOOKS, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered May 17, 1989, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree and unauthorized use of a motor vehicle in the third degree and sentencing him to concurrent indeterminate terms of imprisonment of from 3½ to 7 years and one year, respectively, unanimously affirmed.

Defendant's right to a fair trial was not violated by the trial court's ruling that defendant's sole prior conviction was suppressed unless if, in testifying, he drew on his "long history of good works". Defendant testified that he had managed his grandmother's country store and tended to her 102 acres of land when she was ill. At the conclusion of defendant's direct testimony the court further ruled that in light of defendant's testimony about his sick grandmother the prosecutor could cross-examine him about an unexplained "time span" in defendant's recital of his prior employment. The question ultimately asked revealed that the defendant had been incarcerated during that period after his conviction. We believe that the court's order allowing the inquiry was an appropriate response to defendant's violation of the court's injunction against "gilding the lily", and we find no ambiguity in the initial order concerning the permissible scope of his testimony. While we believe that the prosecutor's summation unfairly

exploited this area of inquiry, we note that defendant failed to make a timely objection. Given the overwhelming proof of guilt, we decline to exercise our interest of justice jurisdiction with respect to this point. In any event, the court, in its charge, emphasized that the prior conviction could be considered only in determining defendant's credibility.

Although defendant was entitled to a charge that the statutory presumptions were permissive, not mandatory *(see, People v McKenzie,* 67 NY2d 695), the issue is unpreserved. Moreover, since the charge did not contain any express burden-shifting language, we are not compelled to reach the issue as a matter of law. *(See, People v Thomas,* 50 NY2d 467.)

We have examined defendant's other claim and note that it is also unpreserved. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Rubin, JJ.