■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTO GIBBS, Appellant. [628 NYS2d 296] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered December 21, 1993, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The complainant alleged that the defendant forcibly fondled her breasts in an attempt to rape her. At the time of the alleged offense, the defendant and the complainant were in the complainant's apartment after a date. The only witness to the incident was the complainant, who testified at trial in great detail about the facts leading to the alleged sexual abuse. On cross-examination, counsel for the defendant attempted to impeach the complainant's credibility with prior inconsistent statements that the complainant allegedly made to the defendant's cousin. The complainant allegedly told the defendant's cousin that "nothing happened," that she did not want to press charges, and that "if [the defendant] had waited a little bit, he would have gotten what he wanted." The Supreme Court did not permit the defendant's counsel to cross-examine the complainant with regard to these alleged statements, finding, *inter alia,* that they were collateral and not germane to the inquiry into the alleged sexual abuse. We disagree.

The statements at issue were critical to the complainant's credibility regarding the alleged sexual abuse and cannot be deemed collateral *(see, People v Wise,* 46 NY2d 321; *People v Duncan,* 46 NY2d 74; *cf., People v Washpon,* 134 AD2d 384).

The defendant's inability to cross-examine the complainant about the alleged inconsistent statements deprived him of a fair trial *(see, People v Wise, supra)*. Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.