OPINION OF THE COURT
 

 Smith, J.
 

 The issue here is whether Family Court appropriately applied the statutory presumption that a person who “rides in or otherwise uses a vehicle * * * without the consent of the owner is presumed to know that he does not have such consent” (Penal Law § 165.05 [1]). We conclude that the presumption was correctly applied, and we affirm the order of the Appellate Division.
 

 Appellant, 14 years old, was charged with committing an act, which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree. At a fact-finding hearing on December 1, 1999, the presentment agency called two witnesses. The first was the owner of the vehicle, who testified that he worked for the New York City Police Department in traffic enforcement, that he had parked his minivan near his home on July 28, 1999 and that he next saw the vehicle three days later, on July 31, 1999, at a police precinct. The owner testified that he had not given appellant or anyone else permission to use the van. When shown a picture, the owner identified a placard in the front windshield issued by the Police Department.
 

 The second witness was the arresting officer who testified that around 12:20 a.m. on July 31, 1999, he and his partner were driving on East 4th Street and Avenue A in Manhattan when they noticed a green van with a defective taillight. After a computer check revealed that the plates had been suspended, the officers pulled over the van. The driver did not produce a valid registration and could not explain why the plates registered to the vehicle and the plates on the van did not match. The driver stated that the van belonged to a friend. On cross-examination, the officer testified that the driver was an adult, and that nothing in the appearance of the van indicated
 
 *95
 
 that it was stolen. Appellant was seated in the middle of the rear seat of the van. Although the petition stated that there were two other passengers in the van, the officer did not refer to them in his testimony.
 

 Appellant did not present any witnesses on her behalf and did not testify. After summations, Family Court, applying the presumption in Penal Law § 165.05 (1), found appellant “guilty beyond a reasonable doubt of the charge of unauthorized use of a vehicle in the third degree,” adjudged her a juvenile delinquent and placed her on probation for 12 months.
 

 A divided Appellate Division affirmed. The majority held that Family Court properly invoked the Penal Law presumption, rejecting the dissenters’ arguments that the presentment agency had failed to offer sufficient evidence to give rise to the presumption and that the presumption was rebutted by the officer’s testimony that there was no indication the car was stolen. We now affirm.
 

 Penal Law § 165.05 (1) provides that
 

 “[a] person is guilty of unauthorized use of a vehicle in the third degree when:
 

 “1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent.”
 

 The presumption in Penal Law § 165.05 (1), like all other statutory presumptions in New York, is permissive
 
 (People v McKenzie,
 
 67 NY2d 695, 696 [1986]). A permissive presumption is one that allows, but does not require, the trier of fact to accept the presumed fact, and does not shift to the defendant the burden of proof
 
 (County Ct. of Ulster County v Allen,
 
 442 US 140, 157 [1979]). The permissive presumption is rebut-table, “whether by defendant’s own testimony or by any other evidence in the case, including the inherent or developed incredibility of the prosecution’s own witnesses”
 
 (People v Leyva,
 
 38 NY2d 160, 167 [1975]).
 

 A permissive presumption is unconstitutional only when it “undermine[s] the factfinder’s responsibility at trial, based on the evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt”
 
 (Allen,
 
 442 US at 156). This occurs “only if, under the facts of the case, there is no rational way
 
 *96
 
 the trier could make the connection permitted by the inference”
 
 (id.
 
 at 157). In such a case, there is an unacceptable risk that the presumption led the “presumptively rational fact-finder to make an erroneous factual determination”
 
 (id.).
 
 For the presumption to be rational, the Supreme Court has required that it be more likely than not that the presumed fact flows from basic facts proved by the State
 
 (id.
 
 at 163), as opposed to the more stringent reasonable doubt standard.
 

 Here, the presentment agency established that appellant was in the van without the permission of the owner. These two facts alone permitted the presumption that she knew that the owner had not consented to its use
 
 (Leyva,
 
 38 NY2d at 169).
 
 *
 
 In
 
 People v McCaleb
 
 (25 NY2d 394, 404 [1969]), this .Court stated that there is a fair and rational connection between the fact that a car is being used without the permission of the owner, and the presumption that the occupants are aware that they do not have the owner’s permission, that justifies placing the “light burden” of an explanation on the defendant. The presumption, as we stated in
 
 McCaleb,
 
 can be easily rebutted by an explanation. This “light burden of going forward” and the factfinder’s prerogative to reject the presumption even if the predicate underlying facts are established, address the concerns of the Appellate Division dissent that the presumption may result in the conviction of a person who accepts a ride in a vehicle not knowing that the vehicle is being used without the consent of the owner.
 

 On the record here, it was not irrational for Family Court to credit the presumption and find guilt beyond a reasonable doubt. Late at night, appellant was a passenger in a car with a police placard on the windshield. The vehicle had been recently stolen not far from where appellant lived. As evidenced by the Appellate Division decision, reasonable people can disagree on whether appellant actually knew that the owner had not given permission
 
 (see Leyva,
 
 38 NY2d at 170). However, it cannot be said that, as a matter of law, the finding of Family Court is irrational.
 

 Contrary to the Appellate Division dissent, imposing on the appellant the burden of offering to explain her innocent pres
 
 *97
 
 ence in the car does not infringe on the constitutional right to remain silent. This Court and the Supreme Court have rejected the argument that a permissive presumption infringes on the right to remain silent
 
 (Barnes v United States,
 
 412 US 837, 846-847 [1973]; see
 
 People v Moro,
 
 23 NY2d 496, 501 [1969]). Appellant in fact relied on the testimony of a witness of the presentment agency. Although she chose not to, she could have offered the testimony of the driver or any of the passengers named in the petition.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, without costs.
 

 *
 

 Appellant argues Family Court erred by treating the statutory presumption as mandatory rather than permissive. However, there is no reason to infer from the court’s ruling that it did not understand the permissive nature of the presumption. That the court chose not to articulate its reasons for accepting the presumed fact does not establish that the court treated the presumption as mandatory.