■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONCEPTUALIZATION GIBBS, Appellant. [762 NYS2d 291] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered April 2, 2001, upon a verdict convicting defendant of the crime of aggravated harassment of an employee by an inmate.

Following a jury trial, defendant was convicted of aggravated harassment of an employee by an inmate for throwing a mixture of feces upon a correction officer at the Southport Correctional Facility in Chemung County on December 6, 1999. Sentenced as a second felony offender to an indeterminate prison term of 2 to 4 years, defendant appeals.

Defendant's central contention—that County Court's supplemental instruction to the deliberating jury regarding the intent element of this crime deprived him of a fair trial—is belied by the record. After the court read its original instruction, which included the elements of the crime (see Penal Law § 240.32) as charged in the indictment and the correct definition of "Intentionally" (Penal Law § 15.05 [1]), the jury requested "a copy of the five elements." When defendant declined to assent to providing the jury with a copy of the text of the statute (see CPL 310.30), the court reread its original instruction describing the elements of the crime charged, to which defendant consented. Deliberations resumed, and then the jury sent a written request for the "legal definition of intent with examples." After affording the parties a full and extended opportunity to suggest appropriate responses, County Court apprised counsel of the source and substance of its intended supplemental instruction and further responsive suggestions were discussed at length before the supplemental instruction was given (see *People v O'Rama,* 78 NY2d 270, 277-278 [1991]).

Upon review, we find that the supplemental instruction regarding the element of intent was clear, accurate, appropriate and responsive. Specifically, County Court began its supplemental instruction by repeating the definition contained in Penal Law § 15.05 (1) and thereafter read a further instruction which substantially replicated the "Expanded Charge on Intent" contained in the New York Criminal Jury Instructions

(*see* CJ12d[NY] Culpable Mental States—Intent). Contrary to defendant's claims, the instruction correctly stated that the jurors "may, but need not, infer that a person intends that which is the natural and probable consequences of the acts done by him" and that this permissible inference "in no way * * * shifts the burden of proof beyond a reasonable doubt with respect to this element of intent from the shoulders of the prosecution" (*see People v McKenzie,* 67 NY2d 695, 696-697 [1986]; *People v Mack,* 273 AD2d 939 [2000], *lv denied* 95 NY2d 966 [2000]; *cf. Francis v Franklin,* 471 US 307, 315-318 [1985]; *People v Getch,* 50 NY2d 456, 463-464 [1980]).

Neither County Court's denial of defense counsel's requests to limit its supplemental response to the statutory definition contained in Penal Law § 15.05 (1) and to provide the statutory definition of each remaining state of mens rea (*see* Penal Law § 15.05 [2], [3], [4]) for comparative purposes, nor the court's receipt of a certified transcript of a jury instruction in a recent, similar case from a nearby county, were improvident (*see* CPL 310.30). Under the circumstances, including the prior instruction twice given, the supplemental response was presented in a "meaningful" way (*People v Malloy,* 55 NY2d 296, 301 [1982], *cert denied* 459 US 847 [1982]; *see People v Williamson [Maleek],* 267 AD2d 487, 489 [1999], *lvs denied* 94 NY2d 882, 886 [2000]).

The contentions raised by defendant in his pro se brief are largely unpreserved and need not be addressed (*see* CPL 470.15). Defendant's pro se claims otherwise lack any merit or support in the record, including his challenge to the adequacy of County Court's adverse inference charge as a remedy for the People's failure to preserve the clothing worn by the correction officer (*see People v Kelly,* 62 NY2d 516, 520-521 [1984]; *see also* CPL 240.70 [2]).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.