*630 OPINION OF THE COURT
Richard B. Meyer, J.
Defendant challenges count two of a five-count indictment, charging him with vehicular manslaughter in the second degree as defined in Penal Law § 125.12 (1), a class D felony, on the grounds that the statute defining the offense is unconstitutional or otherwise invalid (CPL 210.25 [3]). Specifically, defendant claims that Penal Law § 125.12 violates the defendant’s due process rights, is vague, and creates an impermissible mandatory presumption against the defendant.
For purposes relevant here, prior to enactment of chapter 39 of the Laws of 2005 by the State Legislature, the elements of vehicular manslaughter in the second degree included committing the crime of criminally negligent homicide (Penal Law § 125.10) and causing the death of another person while operating a motor vehicle in an intoxicated condition in violation of Vehicle and Traffic Law § 1192 (2)-(4). In enacting chapter 39, the Legislature removed the criminally negligent homicide element and replaced it with the requirement that the defendant “as a result of such intoxication” operated the vehicle in a manner that caused the other person’s death (see Penal Law § 125.12 [1]). Additionally, the Legislature created a rebuttable presumption that this new element of the crime is met if it is established that the defendant operated the vehicle while unlawfully intoxicated (see Penal Law § 125.12).
Defendant claims the rebuttable presumption is mandatory in nature, requiring a jury to conclude that the People have established beyond a reasonable doubt the presumptive element of the offense — here, that the defendant’s intoxication resulted in the manner in which the vehicle was operated that caused the death — merely upon proof that the defendant’s blood alcohol level was .08% or more and without any other evidence tending to show that the manner in which he operated the vehicle was affected thereby. Moreover, defendant argues that the burden of proof is impermissibly shifted to him to prove that his blood alcohol condition did not affect the manner in which he operated the vehicle at the time of death.
In reviewing the constitutionality of a statute, a court must be mindful that legislative enactments enjoy a strong presumption of constitutionality and should be stricken “only as a last resort” (see People v Davis, 43 NY2d 17, 30 [1977]; Cook v City of Binghamton, 48 NY2d 323 [1979]). “Every act of the *631 legislature must be presumed to be in harmony with the fundamental law until the contrary is clearly made to appear” (People ex rel. Kemmler v Durston, 119 NY 569, 577 [1890] [citations omitted]). “[C]ourts may not substitute their judgment for that of the Legislature as to the wisdom and expediency of the legislation” (People v Davis, supra, 43 NY2d at 30 [1977]).
In Tot v United States (319 US 463 [1943]), the United States Supreme Court held that the “controlling” test for determining the validity of a statutory presumption was “that there be a rational connection between the facts proved and the fact presumed” (id. at 467). The Court stated:
“Under our decisions, a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience. This is not to say that a valid presumption may not be created upon a view of relation broader than that a jury might take in a specific case. But where the inference is so strained as not to have a reasonable relation to the circumstances of life as we know them it is not competent for the legislature to create it as a rule governing the procedure of courts.” (Id. at 467-468.)
The presumption in Penal Law § 125.12 is permissive, not mandatory, and it cannot be said that based upon common experience no rational connection exists between the manner in which a motor vehicle is operated and its driver’s blood alcohol content. The jury instruction for vehicular manslaughter in the second degree contained in CJI2d(NY) Penal Law § 125.12 informs the members of a jury that they “may, but are not required to, infer that, as a result of such intoxication . . . the defendant operated the motor vehicle in a manner that caused such death” (emphasis added). The charge further instructs the jury on the People’s burden of proof. This charge adequately expresses the permissive nature of the presumption.
However, permissive presumptions in criminal statutes may not be attacked on their face (see County Court of Ulster Cty. v Allen, 442 US 140, 162-163 [1979]):
“Our cases considering the validity of permissive statutory presumptions such as the one involved here have rested on an evaluation of the presumption as applied to the record before the Court. None *632 suggests that a court should pass on the constitutionality of this kind of statute ‘on its face.’ It was error for the Court of Appeals to make such a determination in this case.”
Defendant’s motion is thus premature on the grounds stated.
Finally, defendant claims the language of Penal Law § 125.12 (1) — “in a manner that causes the death” — is unconstitutionally vague, leaving a jury to speculate as to what needs to be proven by the People as part of their prima facie case. In People v Stuart (100 NY2d 412, 421-422 [2003]), the New York Court of Appeals summarized the guiding principles governing vagueness challenges:
“[A] facial challenge requires the court to examine the words of the statute on a cold page and without reference to the defendant’s conduct. In pursuing a facial challenge, the defendant must carry the ‘heavy burden’ of showing that the statute is impermissibly vague in all of its applications. A successful facial challenge means that the law is ‘ “invalid in toto — and therefore incapable of any valid application.” ’ That would be true, for example, when vagueness permeates a statute to the point where ‘no standard of conduct is specified at ¿1’ or where the vagueness in the statute is so great that it permits officers to exercise unfettered discretion in every single case. In the latter situation, the potential for arbitrary enforcement in every case would mean that the statute is invalid in all its applications, particularly because the second requirement (adequate guidelines for law enforcement) is perhaps ‘the more important aspect of [the] vagueness doctrine’ ” (citations omitted).
The objected-to language clearly requires a defendant’s intoxication to be causally connected to the cause of death— which must be proven by the People beyond a reasonable doubt — and it cannot be said that Penal Law § 125.12 is incapable of any valid application. Defendant has failed to meet his burden of establishing that Penal Law § 125.12 is unconstitutionally vague (see People v Stuart, supra; People v Nelson, 69 NY2d 302 [1987]).
The defendant’s motion to dismiss count two of the indictment is denied in all respects.