■ The People of the State of New York, Respondent, v Rupnarine Jaikaran, Appellant. [943 NYS2d 223]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered October 27, 2008, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The defendant is the biological father of the complainant, who was raised in the Netherlands. At trial, the complainant testified that she first met the defendant in July 2002, at the age of 14, when she traveled to the United States for the first time. According to the complainant, the defendant had sexual intercourse with her following their first meeting in July 2002, and also during subsequent meetings in February 2003, while she was visiting the defendant in the United States. In October 2003 the complainant once again visited the defendant in the United States. During that visit, the complainant attempted suicide and was admitted to a hospital. In October 2006 the complainant reported these allegations to law enforcement officials in the United States.

As a result, the defendant was charged with two counts of rape in the second degree (one count was later reduced to rape in the third degree), two counts of incest (one count was later dismissed with the People's consent), and endangering the welfare of a child. After a jury trial, the defendant was found guilty of endangering the welfare of a child.

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Upon weighing the "relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony," we cannot conclude that the trier of fact failed to give the evidence the weight it should have been accorded (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks omitted]; *see* CPL 470.15 [5]; *People v Romero*, 7 NY3d at 645-646).

However, it was error for the trial court to preclude the defendant's counsel, during the cross-examination of the complainant, from submitting into evidence certain portions of the complainant's hospital records following her suicide attempt in October 2003. "A court's discretion in evidentiary rulings is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (*People v Carroll*, 95 NY2d 375, 385 [2000]). Here, the hospital records were properly certified (*see* CPLR 4518 [a]; CPL 60.10), and they included several statements by the complainant wherein she told the hospital staff, inter alia, that she was not sexually active and that she had not been the victim of sexual abuse. These portions of the hospital records were admissible under the business records exception to the hearsay rule (*see People v Ortega*, 15 NY3d 610, 616-617 [2010]). While the People argue that the hospital records were properly precluded on the ground that they were privileged (*see* CPLR 4504; CPL 60.10), a defendant's Sixth Amendment right of confrontation can overcome a statutory privilege (*see Davis v Alaska*, 415 US 308, 319-320 [1974]). The right of confrontation furnishes a criminal defendant with (1) the right physically to face those who testify against him or her, and (2) the right to conduct cross-examination (*see Pennsylvania v Ritchie*, 480 US 39, 51 [1987]). In this case, the complainant's statutory physician-patient privilege (*see Dillenbeck v Hess*, 73 NY2d 278, 283 [1989]) is in direct conflict with the defendant's constitutional right of confrontation. Therefore, under the circumstances, the policy underlying the statutory privilege "must yield to defendant's constitutional right of confrontation" (*People v Bridgeland*, 19 AD3d 1122, 1125 [2005]; *see Davis v Alaska*, 415 US at 320). As the defendant correctly contends, the statements at issue in the hospital records were germane to the medical diagnosis and treatment of the complainant (*see People v Ortega*, 15 NY3d at 617; *cf. People v James*, 19 AD3d 616, 617 [2005]), and "were critical to the complainant's credibility regarding the alleged sexual abuse and cannot be deemed collateral" (*People v Gibbs*, 215 AD2d 689, 689 [1995]).

We find that the error in precluding the defendant from submitting the subject portions of the hospital records into evidence was not harmless. We note that the jury acquitted the defendant of the crimes of rape and incest, and that the evidence against the defendant was far from overwhelming considering that the People's case rested largely upon the complainant's credibility. As it cannot be said that there is no reasonable possibility that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]), the error was not harmless beyond a reasonable doubt.

The defendant's remaining contentions are without merit. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.