■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN C. STICKLER, Appellant. [948 NYS2d 696]—

Mercure, J.P.

Defendant was charged in an indictment with vehicular manslaughter in the second degree and driving while intoxicated (two counts) after operating a John Deere "Gator" utility vehicle on a public road while he was intoxicated and, in doing so, causing the death of Joshua Long, his passenger. Long was killed when he was ejected from the vehicle as defendant allegedly drove off the road onto gravel and dirt, and then corrected the deviation of the vehicle's course. Defendant moved to dismiss the indictment on the ground that Penal Law § 125.12, defining vehicular manslaughter, is unconstitutional. Upon County Court's denial of the motion, defendant waived his right to a jury trial, and agreed to a "bench trial[ ] conducted on stipulated facts," with the expectation that County Court would sentence him to no more than a year in jail if he was convicted (*People v Harler*, 296 AD2d 712, 713-714 [2002]). The court found defendant guilty as charged and sentenced him to five years of probation, with six months to be served in the county jail.[1] Defendant appeals and we now reverse his vehicular manslaughter conviction and remit this matter to County Court.

As relevant here, "[a] person is guilty of vehicular manslaughter in the second degree when he or she causes the death of another person, and . . . operates a motor vehicle . . . in violation of [Vehicle and Traffic Law § 1192 (2) or (3)], and as a result of such intoxication . . . operates such motor vehicle . . . in a manner that causes the death of such other person" (Penal Law

---

1. Defendant was sentenced to a conditional discharge and $1,000 fine on each driving while intoxicated conviction. He indicates in his brief that he is not challenging those two convictions.

§ 125.12 [1]). If it is established that the defendant was unlaw-fully intoxicated or impaired while operating the vehicle, "there shall be a rebuttable presumption that, as a result of such intoxication . . . , [the defendant] operated the motor vehicle . . . in a manner that caused such death" (Penal Law § 125.12). Defendant argues that the statute—which he interprets as providing that causation must be both proved by the People and presumed until disproved by the defendant—is contradictory and void for vagueness. Defendant further contends that the re-buttable presumption impermissibly relieves the People of the burden of proving causation by requiring—he maintains—that if a defendant is driving while intoxicated and a death occurs, criminal liability for the death will attach even absent proof that the vehicle was operated in a deficient manner or that the manner of operation of the vehicle was a sufficiently direct cause of death. In our view, defendant misinterprets the statute.

In 2005, the legislature amended the statutes defining the crimes of vehicular assault and vehicular manslaughter (*see* Penal Law §§ 120.03, 120.04, 125.12, 125.13; L 2005, ch 39). The amendments "eliminate[d] criminal negligence as a required element of each of the crimes, and provided that after the People establish that the defendant driver caused serious injury or death, a rebuttable presumption would arise that the serious injury or death was caused by the driver's intoxication, impairment or use of a drug" (*People v Mojica*, 62 AD3d 100, 108-109 [2009], *lv denied* 12 NY3d 856 [2009]; *see* L 2005, ch 39). The legislative history of the 2005 amendments indicates that they were intended to strengthen the deterrent effect of the relevant statutes by eliminating the heavy prosecutorial burden of proving criminal negligence and "creat[ing] a ca[us]al link between a driver who causes serious physical injury or death and a presumption that it was his or her intoxication or impairment that was the cause o[f] such serious physical injury or death" (Assembly Sponsor's Mem in Support, Bill Jacket, L 2005, ch 39 at 3).

The presumption, "like all other statutory presumptions in New York, is permissive" (*Matter of Raquel M.*, 99 NY2d 92, 95 [2002]; *see People v Baker*, 14 Misc 3d 629, 631 [2006]). It "al-lows, but does not require, the trier of fact to accept the presumed fact, and does not shift to the defendant the burden of proof" (*Matter of Raquel M.*, 99 NY2d at 95; *see County Court of Ulster Cty. v Allen*, 442 US 140, 156-157 [1979]).[2] A permis-sive presumption will be found to undermine the factfinder's

___

**2.** In that regard, the relevant criminal jury instruction provides that "if the People prove beyond a reasonable doubt that the defendant was operating

responsibility at trial " 'only if, under the facts of the case, there is no rational way the trier [of fact] could make the connection permitted by the inference' " (*Matter of Raquel M.*, 99 NY2d at 95-96, quoting *County Court of Ulster Cty. v Allen*, 442 US at 157). We note that a presumption is rational if it is "more likely than not that the presumed fact flows from [the] basic facts [to be] proved by the State" (*Matter of Raquel M.*, 99 NY2d at 96), and the legislature's judgment in that regard is to be given great deference by the courts, if that judgment is based on common experience or reliable, empirical data (*People v Leyva*, 38 NY2d 160, 165-166 [1975]).

Contrary to defendant's argument that the statute improperly relieves the People from proving that the charged conduct was a sufficiently direct cause of death, the statutory terms expressly provide that the rebuttable presumption arises only "[i]f it is established that the person operating such motor vehicle . . . *caused such death* while unlawfully intoxicated" (Penal Law § 125.12 [emphasis added]). Thus, as the Second Department has explained, "if a driver's operation of a vehicle cannot be deemed [the] cause of the subject accident, then the rebuttable presumption would not arise" (*People v Mojica*, 62 AD3d at 110). Defendant's challenges to the statute are undermined by his failure to distinguish between the separate elements of causation to which the statute refers. The People must establish that a defendant, in operating a vehicle while unlawfully intoxicated, caused the victim's death; only then may the jury draw an inference regarding the second element of causation— that it was the driver's intoxication that caused him or her to operate the vehicle in a dangerous manner.

In our view, the rebuttable presumption does not render the statute vague inasmuch as "it contains sufficient standards to afford a reasonable degree of certainty so that a person of ordinary intelligence is not forced to guess at its meaning, and to safeguard against arbitrary enforcement" (*Salvatore v City of Schenectady*, 139 AD2d 87, 89 [1988] [citations omitted]; *see People v Mojica*, 62 AD3d at 111-113). Moreover, according deference to the legislature's judgment, "there is a fair and rational connection" between the fact that a defendant caused death or serious physical injury by operating a vehicle while impaired by alcohol and the presumption that it was the alcohol impairment

---

a motor vehicle while unlawfully intoxicated . . . and while doing so caused the death of another person," then the jury is to be instructed that it *"may, but [is] not required to*, infer that, as a result of such intoxication . . . [,] defendant operated the motor vehicle in a manner that caused such death" (CJI2d[NY] Penal Law § 125.12 [emphasis added]).

that caused the defendant to operate the vehicle in a dangerous manner (*Matter of Raquel M.*, 99 NY2d at 96). Here, defendant stipulated that he operated a vehicle while unlawfully intoxicated, the vehicle deviated from its course, Long fell out of the vehicle as defendant corrected the deviation, Long struck his head and died as a result of injuries sustained in the fall, and defendant caused the death of Long while unlawfully intoxicated. Based upon these admissions, it cannot be said that there is "no rational way" that the factfinder could conclude that defendant's intoxication caused him to operate the vehicle in such a manner as to result in Long's death (*County Court of Ulster Cty. v Allen*, 442 US at 157).

That said, County Court nevertheless erred by treating the statutory presumption as mandatory, rather than permissive (*see Matter of Raquel M.*, 99 NY2d at 96 n), and therefore did not make the necessary finding of guilt beyond a reasonable doubt. Specifically, the court concluded that the presumption mandates a finding of guilt whenever "the defendant is intoxicated and death occurs," thereby "reliev[ing] the People from proving that the defendant . . . operated the vehicle in a manner which was a sufficiently direct cause of death." Inasmuch as the factfinder was evidently unaware that it remained free to reject the inference set forth in the presumption (CJI2d[NY] Penal Law § 125.12), and did not determine whether defendant, in fact, operated the vehicle in a manner that caused the victim's death and did so as a result of unlawful intoxication—elements necessary to sustain a finding of guilt—we must remit this matter for trial or other appropriate disposition on the vehicular manslaughter charge (*see People v Douglas*, 24 AD3d 1019, 1020-1021 [2005]; *see also People v Neff*, 287 AD2d 809, 809-810 [2001]; *see generally People v Pagan*, 36 AD3d 1163, 1164-1165 [2007]).

Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of vehicular manslaughter in the second degree; matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.