Appeals by the defendants respectively from separate judgments of the County Court, Rockland County (Kelly, J.), both rendered January 18, 2012, convicting each of them of grand larceny in the third degree, upon a jury verdict, and imposing sentences. By decision and order on motion dated February 6, 2012, this Court granted the motion of the appellant Jerry Cioffi to stay execution of the judgment rendered against him pending hearing and determination of his appeal.
Ordered that the judgments are reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
Contrary to the defendants’ contention, count two of the indictment was not jurisdictionally defective, as it cited the applicable statutes and sufficiently tracked the language thereof to afford the defendants fair notice of the charges against them (see CPL 200.50 [7] [a]; People v Smith, 98 AD3d 533, 533-534 [2012]; People v Dudley, 289 AD2d 503, 503-504 [2001]).
The defendants’ challenge to the legal sufficiency of the evidence presented at trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendants’ guilt of grand larceny in the third degree based upon a violation of Lien Law § 79-a beyond a reasonable doubt (see People v *972 Miller, 23 AD3d 699, 700-701 [2005]; People v Melino, 16 AD3d 908, 909-910 [2005]; People v Lincoln, 272 AD2d 945, 945-946 [2000]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendants contend that the respective judgments of conviction should be vacated due to an alleged conflict of interest of the District Attorney. The contention is unpreserved for appellate review (see People v Good, 62 AD3d 1041, 1042 [2009]; People v Krom, 91 AD2d 39, 46-47 [1983], affd 61 NY2d 187 [1984]) and, in any event, is without merit. The defendants failed to establish “ ‘actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence’ ” (People v English, 88 NY2d 30, 33-34 [1996], quoting Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]; see People v Brown, 81 AD3d 1305, 1306-1307 [2011]; People v Rivera, 27 AD3d 489, 490 [2006]).
However, the defendants correctly contend that the trial court’s failure to instruct the jury that the statutory presumption contained in Lien Law § 79-a is permissive violated the defendants’ constitutional rights to due process (see Francis v Franklin, 471 US 307 [1985]; Sandstrom v Montana, 442 US 510 [1979]; People v McKenzie, 67 NY2d 695 [1986]). Although the defendants’ contention is unpreserved for appellate review (see CPL 470.05 [2]; People v McKenzie, 67 NY2d at 697; People v Torres, 46 AD3d 925, 925 [2007]), we nevertheless review it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]).
Pursuant to Lien Law article 3-A, a contractor who receives funds under a contract for the improvement of real property must hold the funds as a trustee, and if the contractor applies trust funds for any purpose other than the purposes of the trust and fails to pay a trust claim within 31 days of the time it is due, he or she may be guilty of larceny {see Lien Law §§ 70, 71, 79-a [1] [b]; People v Miller, 23 AD3d at 700). The trial court instructed the jury, in accordance with Lien Law § 79-a (3), that “[fjailure of the trustee to keep books and records required by this section shall be presumptive evidence that the trustee has *973 applied . . . trust funds . . . for purposes other than a purpose of the trust.” Like all statutory presumptions in New York, the presumption in Lien Law § 79-a (3) is permissive (see People v Rosano, 50 NY2d 1013, 1016 [1980]; see also Matter of Raquel M., 99 NY2d 92, 95 [2002]; People v McKenzie, 67 NY2d at 696). The trial court’s failure to instruct the jury that the presumption “was permissive, or to emphasize that, despite the presumption, the same burden of proof remained with the People, ‘was bound to result in misleading the . . . jurors into believing that the presumption is conclusive and binding upon them’ ” (People v Smith, 23 AD3d 415, 416 [2005] [citation omitted], quoting People v Williams, 136 AD2d 132, 135-136 [1988]; see Francis v Franklin, 471 US 307 [1985]; Sandstrom v Montana, 442 US 510 [1979]). Such a mandatory presumption is unconstitutional, as it relieves the People of their burden of proving every element of the crime and undermines the jury’s “ ‘responsibility at trial, based on evidence adduced by the [People], to find the ultimate facts beyond a reasonable doubt’ ” (Francis v Franklin, 471 US at 316, quoting County Court of Ulster Cty. v Allen, 442 US 140, 156 [1979]; see People v Smith, 23 AD3d at 416; People v Sellers, 109 AD2d 387, 388 [1985]).
Since the evidence of the defendants’ guilt was not overwhelming, and it cannot be said that there is no reasonable possibility that the error might have contributed to the defendants’ conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Jaikaran, 95 AD3d 903, 904 [2012]), the error was not harmless beyond a reasonable doubt. Accordingly, the judgments must be reversed and the matter remitted to the Supreme Court, Rockland County, for a new trial.
The defendants’ remaining contentions have been rendered academic in light of our determination.
Dillon, J.P, Angiolillo, Dickerson and Cohen, JJ., concur.