■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRELL MILLER, Appellant. [971 NYS2d 63]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered December 15, 2011, convicting him of robbery in the second degree, robbery in the third degree (two counts), and attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the indictment was not jurisdictionally defective, as it cited the applicable statutes and sufficiently tracked the language thereof to give him fair notice of the charges against him (*see* CPL 200.50 [7] [a]; *People v Cioffi,* 105 AD3d 971 [2013]; *People v Smith,* 98 AD3d 533 [2012]).

The defendant's remaining contentions are without merit. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PORCO, Appellant. [971 NYS2d 65]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 9, 2010 (*People v Porco,* 71 AD3d 791 [2010], *affd* 17 NY3d 877 [2011], *cert denied* 566 US —, 132 S Ct 1860 [2012]), affirming a judgment of the County Court, Albany County, rendered December 12, 2006.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Eng, P.J., Skelos, Dickerson and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCHERRISE RICKETTS, Appellant. [971 NYS2d 58]—Appeal by defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Walsh, J.), imposed May 4, 2011, upon her plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of her right to appeal forecloses review of her claim that her sentence was excessive (*see People v Cedeno,* 107 AD3d 734 [2013]). Eng, P.J., Angiolillo, Balkin and Hall, JJ., concur.