People v Edwards (2018 NY Slip Op 05865)





People v Edwards


2018 NY Slip Op 05865


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07088
 (Ind. No. 3221/14)

[*1]The People of the State of New York, respondent,
v
Kevin Edwards, appellant.


Paul Skip Laisure, New York, NY (Samuel Brown and Patricia Pazner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered June 14, 2016, convicting him of assault in the second degree, unlawful imprisonment in the second degree, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Under Indictment No. 3221/14, the defendant was charged with rape in the first degree, assault in the second degree, kidnaping in the second degree, unlawful imprisonment in the second degree, and related charges based upon allegations that, during the late hours of March 8, 2014, and early hours of March 9, 2014, he restrained the complainant in his apartment and assaulted her physically and sexually. Under Indictment No. 9585/14, the defendant was charged with criminal contempt in the first degree and related charges based upon allegations that, on November 16, 2014, he violated an order of protection directing him, inter alia, to stay away from the complainant's home. Thereafter, the Supreme Court granted the People's motion to consolidate the indictments. Following a jury trial, the defendant was found guilty of assault in the second degree, unlawful imprisonment in the second degree, and criminal contempt in the second degree, but was acquitted of the other 10 counts submitted to the jury.
The defendant's contention that the evidence was legally insufficient to prove his guilt of assault in the second degree and unlawful imprisonment in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's acquittal of the sexual offense charges does not change our conclusion (see People v Guerrero, 150 AD3d 883, 885; People v Mitchell, 148 AD3d 730, 732; cf. People v Franco, 11 AD3d 710, 711).
Since the defendant's convictions were supported by legally sufficient evidence, his ineffective assistance of counsel claim, which is based solely upon his counsel's failure to preserve for appellate review his contention that the evidence was legally insufficient, is without merit (see People v Riley, 123 AD3d 947, 949; People v High, 119 AD3d 959, 960; People v Acevedo, 44 AD3d 168, 173; see also People v Caban, 5 NY3d 143, 152, 155-156).
The defendant was not deprived of a fair trial by the redaction of certain portions of the complainant's medical records (see People v Leach, 137 AD3d 1300, 1301; cf. People v Jaikaran, 95 AD3d 903, 904; People v Ocampo, 28 AD3d 684, 686), and any other error in this regard was harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court